### BUCK et al. v. TRIANON CO., Inc., and four other cases.

Nos. 1162, 1164, 1170–1172.

District Court, W. D. Washington, N. D.

Jan. 26, 1939.

Clifford D. O'Brien and Herman D. Kenin, both of Portland, Or., and H. W. Haugland, of Seattle, Wash., for complainants.

Hammer & Pomeroy, Jeffrey Heiman, and Clark R. Belknap, all of Seattle, Wash., for defendants.

CUSHMAN, District Judge.

Upon defendants' part the court is asked to dismiss these suits because of the monopolistic nature of the plaintiff Society and the contracts with its members, including the corporate plaintiffs, and because of the restraint upon interstate commerce thereby caused.

This matter has been determined adversely to defendants upon the motions to strike the affirmative defenses. Such rulings were made prior to the effective date of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and, the testimony having been taken and causes tried upon the issues thereby formed, further consideration of the defendants' contention in the foregoing particular will not be entertained, though it be conceded (which is not necessary to this decision) that such rules—and particularly numbers 13 and 18 and related rules—would, had those rules been in effect at the time the issues in these causes were settled, have required a different determination.

In the course of this decision these causes will be referred to as the "Tarry Inn," "Lockhart", "Trianon", "Scribner" and "Cleveland" cases. In all of the cases infringement has been shown, unless licenses to the defendants were in effect.

It has also been shown that licenses were in effect insofar as the Tarry Inn, Lockhart and Trianon cases are concerned, unless a cancellation of such licenses has been shown.

The complaints in the Lockhart and Tarry Inn cases will be dismissed for the reasons. First, no effective cancellation of the licenses granted the defendants has been shown and it appears that the affairs of the complainant Society were in receivership in the State court at the time the alleged notices of cancellation were mailed.

While the full record of the receivership proceeding has not herein been shown, the evidence in that regard is sufficient to place upon the complainants the burden of showing that at the time any notices were given that such action upon the part of complainants' agent was with the permission of the State court. This has not been shown.

If it be conceded that any such notices were not in violation of the State court's

jurisdiction, yet they were not so unqualified as to constitute notices of cancellation. Further unqualified notices of cancellation apparently were contemplated in form such as the one given in the Trianon case.

The Bill of Complaint in the Trianon case will be dismissed for the reason that, if it be conceded that the letter of May 27th, 1935 from John L. Stanley to Trianon Ballroom, Trianon Co., Inc., Seattle, Washington, was, if delivered, a sufficient notice of cancellation, yet, the evidence fails to show the mailing of this notice.

In the Scribner and Cleveland cases the decrees will be for complainants, as neither of these parties defendant has at any time had a license.

The successful parties will recover costs.

Upon the settlement of findings of fact, conclusions of law and decrees, the parties will be heard on the question of the amount to be allowed as attorney fees.

Any orders, findings of fact, conclusions of law and decrees based upon the foregoing rulings will be settled upon notice.

The Clerk is directed to notify the attorneys for the parties of the filing of this decision.